UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LEBERT VANDERPOOL,

    Plaintiff,

    v.

AMALGAMATED TRANSIT UNION,
LOCAL 1764,

    Defendant.

Civil Action No. TDC-14-2910

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Dismiss, ECF No. 4, filed by Defendant Amalgamated Transit Union, Local 1764 ("the Union"). The issue before the Court is whether Plaintiff Lebert Vanderpool ("Vanderpool") has sufficiently stated a plausible claim that the Union breached its duty of fair representation. Having reviewed the pleadings and briefs, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion to Dismiss is DENIED.

## BACKGROUND

Vanderpool, a member of the Union and a former employee of First Transit, Inc. ("First Transit"), alleges that on December 7, 2012, he was involved in an altercation with one of his supervisors, Corey Richardson ("Richardson"), which Vanderpool promptly reported to alternate supervisors, his shop steward, First Transit, and the Metropolitan Police Department of Washington, D.C.

On December 10, 2012, First Transit conducted an investigatory meeting regarding the altercation that was attended by Vanderpool, Richardson, First Transit General Manager Tonya Hawkins, First Transit Interim Assistant General Manager Robb Howell, and the Union's representatives. At this meeting, Richardson asserted that there had been a prior unreported altercation between Richardson and Vanderpool. Following an investigation into this alleged prior incident, First Transit terminated Richardson's employment for failing to report the prior incident when it occurred, and on December 19, 2012, it terminated Vanderpool's employment for his conduct during that prior incident.

On December 27, 2012, the Union filed a grievance, alleging wrongful termination, on behalf of Vanderpool. The grievance was filed pursuant to the collective bargaining agreement ("CBA") between First Transit and the Union, which was applicable to the period beginning on April 1, 2012. Article 10 of the CBA outlines a three-step process for pursuing employee grievances and the requisite procedure for the Union to demand arbitration. Step One of this process requires grievances to be submitted in writing to the First Transit Assistant General Manager within ten days of the event giving rise to the grievance. If the employee remains unsatisfied with the outcome, Step Two directs the Union to submit the grievance to the First Transit General Manager within ten days of First Transit's response to the grievance filed at Step One. If the grievance remains unresolved and the Union seeks to proceed to arbitration on the employee's behalf, Step Three requires the Union to demand arbitration by written notice within 30 days of the General Manager's response to the filing at Step Two. Article 10-G of the CBA states that the time limits proscribed in the grievance and arbitration processes are to be "strictly adhered to," and that, except if both parties otherwise agree in writing, a failure to comply with

these terms will result in the automatic forfeiture of the party's position. Compl. ¶ 18, ECF No. 1.

On January 3, 2013, First Transit denied the grievance at Step One, and on January 28, 2013, it denied the grievance at Step Two. Vanderpool alleges that the Union subsequently agreed to arbitrate the denial, but failed to file a written demand for arbitration, as required by the CBA. On March 20, 2014, over a year after First Transit denied the grievance at Step Two, the grievance went before an arbitrator. However, the arbitrator dismissed the grievance on the grounds that the Union had failed to submit a written demand for arbitration within 30 days of the denial, as required by the CBA, and that the parties had not otherwise agreed by written consent to waive the requirement. Arbitrator's Op. at 7, Mot. Dismiss, Ex., ECF No. 4-3.[1]

On September 12, 2014, Vanderpool filed his Complaint, alleging that the Union breached its duty of fair representation by failing to timely demand arbitration on his behalf, and requesting compensatory damages for lost wages and related harm. On January 12, 2015, the Union filed its Motion to Dismiss, arguing that the Complaint failed to state a claim because any failure by the Union to submit a written demand for arbitration did not constitute a breach of the duty of fair representation, and, even if it did, the Union's failure would not have affected the arbitration's outcome, since Vanderpool's grievance lacked merit and would have been rejected at arbitration.

---

[1] The Court may consider the Arbitrator's Opinion and Award, which is attached to the Motion to Dismiss, because the document is explicitly relied upon in the Complaint and Vanderpool does not challenge its authenticity. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that a court may consider a document attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and . . . the plaintiffs do not challenge its authenticity").

**DISCUSSION**

I.  **Legal Standard**

A court must deny a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim where the complaint alleges enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing whether this standard has been met, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678.

II.  **Breach of the Duty of Fair Representation**

The statutory duty of fair representation, arising from the National Labor Relations Act, requires a union to represent fairly all of its members in the enforcement of a collective bargaining agreement. 29 U.S.C. § 159(a) (2012); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). A union breaches this duty when its "conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. In this case, the Union argues that the Complaint fails to state a claim for breach of the duty of fair representation because its alleged failure to file timely a written demand for arbitration on behalf of Vanderpool was not arbitrary, discriminatory, or in bad faith. In his Response, Vanderpool agrees that the alleged

4

conduct was neither discriminatory nor in bad faith, but he argues that the Complaint sufficiently alleges that the Union acted arbitrarily.

Although a union is afforded a "wide range of reasonableness" in representing its members, it must "especially avoid capricious and arbitrary behavior in the handling of a grievance based on a discharge." *Griffin v. Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am.*, 469 F.2d 181, 182-83 (4th Cir. 1972) (internal citation and quotation marks omitted). Simple negligence, ineffectiveness, or poor judgment does not amount to arbitrary conduct. *Ash v. UPS*, 800 F.2d 409, 411 (4th Cir. 1986). However, the duty of fair representation may be breached if a union's course of action or inaction is "so indifferent to the rights of members or so grossly deficient in [its] conduct purporting to protect the rights of members that the conduct could be equated with arbitrary action." *Walker v. Consol. Freightways, Inc.*, 930 F.2d 376, 382 (4th Cir. 1991) (quoting *Wyatt v. Interstate & Ocean Transp. Co.*, 623 F.2d 888, 891 (4th Cir. 1980)). This includes "[m]alicious or egregious delay in pursuing plaintiffs' rights." *Id.*

In this case, Vanderpool has alleged sufficient facts to state a claim that the Union breached its duty of fair representation by failing to file timely a demand for arbitration on his behalf. Article 10-B of the CBA, which the Union itself had negotiated with First Transit, provides that except where the parties have entered a written agreement to the contrary pursuant to Article 10-G, notice of the demand for arbitration must be in writing and submitted within 30 days of the conclusion of Step Two. However, the Union failed to provide any written notice to First Transit of its demand for arbitration of Vanderpool's grievance, such that the arbitrator dismissed the grievance as procedurally barred.

In *Vencl v. International Union of Operating Engineers, Local 18*, 137 F.3d 420 (6th Cir. 1998), the union timely informed the employer orally that it would seek arbitration, but filed its written demand for arbitration one day late. *Id.* at 426. The United States Court of Appeals for the Sixth Circuit held that the union acted arbitrarily by failing to take the basic and required step of timely filing the request for arbitration and that the district court correctly held at the summary judgment stage that the union's explanation that its business representative was on vacation was not a reasonable justification that excused the union's breach of the duty of fair representation. *Id.* Here, Vanderpool alleges that during the over one-year period following the conclusion of Step Two, the Union never filed a written request for arbitration at all. This allegation is sufficient to assert a plausible claim of arbitrary action by the Union in breach of the duty of fair representation. *See Vencl*, 137 F.3d at 426.

In its Motion to Dismiss, the Union argues that the reason that it did not timely file a written request for arbitration was because the grievance arose during a period of flux when First Transit and the Union were still discussing how the new CBA, including the Article 10 procedures for grievances and arbitration demands referenced in the Complaint, would be implemented. As this case is only at the motion to dismiss stage, however, the Court must take the allegations in the Complaint as true and draw all inferences in Vanderpool's favor. Whether the Union had reasons to justify its failure to file timely a request for arbitration is a question appropriately left for after discovery. *Cf. McLain v. Wilson*, 591 F. Supp. 474, 477-48 (D. Md. 1984) (finding after a three-day trial that a union's failure to meet the deadline for filing an appeal was not a breach of its duty of fair representation because the employer had not previously barred an appeal on timeliness grounds, and the union had reasonably relied on the

continuation of this practice). Because the Complaint sufficiently states a claim of breach of the duty of fair representation at this Rule 12(b)(6) stage, the Motion to Dismiss is denied.

### III.     Merits of the Underlying Grievance

The Union also argues that in order to plead properly a claim for breach of the duty of fair representation, Vanderpool is required to "show that the underlying grievance not only had merit, but also would have been successful at arbitration." Mem. Mot. Dismiss at 10. To the extent that Vanderpool is able to establish a breach of the duty of fair representation, he would also need to establish a "substantial reason to believe that a union's breach of its duty of fair representation contributed to an erroneous outcome in the contractual proceedings." *Ash*, 800 F.2d at 411; *Hardee v. N.C. Allstate Servs., Inc.*, 537 F.2d 1255, 1258 (4th Cir. 1976); *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (holding that in addition to showing a breach of the duty of fair representation, plaintiffs must also "demonstrate a causal connection between the union's wrongful conduct and their injuries).

Vanderpool, however, has alleged such a connection by asserting that "[h]ad the Union timely filed the written demand for arbitration, Mr. Vanderpool would have prevailed in arbitration." Compl. ¶ 29. The Union counters by asserting that Vanderpool "has offered no evidence that he would have been exonerated from this incident that was serious enough to warrant a supervisor being discharged," that "the particular facts" of this case made his grievance "difficult to win," and that he "was not honest about his claim having merit." Mem. Mot. Dismiss at 10. But at the Rule 12(b)(6) stage, Vanderpool need not offer evidence, and his allegations must be given deference over those of the Union. *Cf. Spellacy*, 156 F.3d at 130 (finding insufficient evidence of causation at the summary judgment stage). Accordingly, Vanderpool has sufficiently stated a claim for breach of the duty of fair representation.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is DENIED. A separate Order follows.

Date: July 28, 2015

_____
THEODORE D. CHUANG
United States District Judge